1  ALLAN E. ANDERSON (SBN 133672)
   aanderson@rmkb.com
2  TIMOTHY L. SKELTON (SBN 200432)
   tskelton@rmkb.com
3  ROPERS, MAJESKI, KOHN & BENTLEY
   515 South Flower Street, Suite 1100
4  Los Angeles, CA  90071-2213
   Telephone:   (213) 312-2000
5  Facsimile:    (213) 312-2001

6  Attorneys for Defendant
   AMAZON.COM, INC.
7
8  RINAT KHAMITOV
   NATALIA VARFOLOMEEVA
9  914 S. Wilton Place, Suite 118
   Los Angeles, CA 90019
10 Telephone:   (323) 306-0818
   Facsimile:    (310) 626-9632

11 Plaintiffs in pro per

12                UNITED STATES DISTRICT COURT

13                CENTRAL DISTRICT OF CALIFORNIA

14

15 RINAT KHAMITOV, individual           Case No.  CV09-05285 VBF (JCx)
16 NATALIA VARFOLOMEEVA,
   individual,                          **STIPULATED PROTECTIVE**
17                                       **ORDER**
                Plaintiffs,
18                                       **[NOTE: CHANGES MADE BY**
   v.                                    **COURT IN BOLD]**
19
20 AMAZON.COM, INC., Washington
   corporation; dalls1198, individual;
21 BarExam3, individual; TituStore,
   individual; Toms Jiang, individual;
22 VAGRIUS, foreign corporation; and
   DOES 1 to 10, inclusive,,
23              Defendants.             **Magistrate Judge:  Jacqueline**
                                        **Chooljian**
24

25

26      It is hereby stipulated by and between plaintiff Rinat Khamitov, plaintiff

27 Natalia Varfolomeeva, and defendant Amazon.com, through their respective

28 attorneys, that a Protective Order may be entered by this Court as follows:

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

## 1.   **SCOPE:**

(a)    This Protective Order shall limit the use and/or disclosure of documents, deposition testimony, and related information which are, or which embody or disclose any information, designated hereunder as "CONFIDENTIAL" or as "CONFIDENTIAL--ATTORNEYS' EYES ONLY" and shall apply to:

(i)    All such documents so designated in accordance with this Protective Order and all information contained therein;

(ii)    Portions of deposition testimony and transcripts and exhibits thereto which include, refer, or relate to any confidential information;

(iii)    All information, copies, extracts, and complete or partial summaries prepared or derived from confidential information; and

(iv)    Portions of briefs, memoranda, or any writing filed with or otherwise supplied to the Court, which include or refer to any such confidential information.

(b)    Any person (i.e., any individual or entity) designating documents, testimony, or other information as "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" hereunder asserts that he, she, or it believes in good faith that such material is his, her, or its confidential information which is not otherwise available to the public generally, or is information which the person believes is or may be encompassed by a pre-existing confidentiality agreement with any other person.

(c)    "Confidential information" is defined to include, but not be limited to, documents, material, or testimony that is private or constitutes and/or relates to (a) trade secrets, trademarks, copyrights, patents and/or other similar protections; (b) business strategies, decisions, and/or negotiations; (c) financial, budgeting, and/or accounting information; (d) customer information, including prospective customers; and (e) marketing studies, proformas, projections, and similar information relating to the value and/or potential value of stock, science and technology, and/or other

STIPULATED PROTECTIVE ORDER
(CASE NO.  CV09-05285 VBF (JCX)

assets or liabilities.  Confidential information includes all documents or other information that has been designated "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" pursuant to this Order.

(d)     Confidential information ordinarily should be designated as "CONFIDENTIAL" rather than "CONFIDENTIAL--ATTORNEYS' EYES ONLY."  A "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation is appropriate only where the confidential information is so extremely sensitive in the context of this case that there is a real danger that the party producing the information could be prejudiced if the information is disclosed under the protection provided by a "CONFIDENTIAL" designation.  Examples of information warranting a "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation are documents which contain, disclose, or reflect trade secrets, sensitive customer information, business and marketing plans and information, or similarly competitively sensitive information.

(e)     Nothing in this Order and no party's designation of any document or information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed to constrain, preclude, or otherwise affect in any manner the independent research and development, marketing, product development, or other technical activities of the parties.

(f)     Nothing in this Order and no party's designation of any document as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed to constrain, preclude, or otherwise affect the use (including the ability to include the document or information in papers not filed under seal) of another party's documents which are duplicates of such designated documents provided that such duplicate documents were lawfully obtained by such party through means independent of the discovery process.

(g)     A party's failure to designate a document as its confidential information where the document was produced by another party and designated by

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

STIPULATED PROTECTIVE ORDER
(CASE NO.  CV09-05285 VBF (JCX)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

the producing party as that party's confidential information shall not be construed to waive the non-designating party's claim, with respect to present and future litigation between these or other parties, that the document contains the non-designating party's confidential information.

## 2. DESIGNATION OF DOCUMENTS AND DEPOSITIONS AS "CONFIDENTIAL" OR "CONFIDENTIAL--ATTORNEYS' EYES ONLY":

(a)     Designation of a document as "CONFIDENTIAL" by the producing party shall be made by conspicuously stamping or writing "CONFIDENTIAL" on each page thereof.

(b)     Designation of a document as "CONFIDENTIAL--ATTORNEYS' EYES ONLY" by the producing party shall be made by conspicuously stamping or writing "CONFIDENTIAL--ATTORNEYS' EYES ONLY" on each page thereof.

(c)     Designation of a deposition or other pretrial testimony, or portions thereof, as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be made by a statement on the record by counsel for the party or other person making the claim of confidentiality at the time of such testimony.  The portions of depositions so designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be taken only in the presence of persons qualified to receive such information pursuant to the terms of this Protective Order, the court reporter, the deponent, and the deponent's attorney. Failure of any person to comply with a request to leave the deposition room will constitute sufficient justification for the witness to refuse to answer any question calling for disclosure of confidential information so long as persons not entitled by this Protective Order to have access to such information are in attendance. Thereafter, any counsel may reopen the deposition into areas which the witness refused to answer after bringing a motion for protective order to resolve whether the person who refused to leave the deposition should be allowed to be present during

questioning.  After resolution of said motion, counsel shall be allowed to continue said deposition with respect to the questions, and lines of questioning, which the deponent refused to answer, **subject to any pertinent court order (e.g. an** order that the deposition continue outside the presence of the person who refused to leave the initial deposition).  The applicable portions of such deposition transcripts shall be clearly marked "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" on each page containing the confidential information.

(d)     Any party may designate documents or portions of deposition transcripts as containing confidential information even if not initially marked as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" in accordance with the terms of this Protective Order by so advising counsel for each party in writing within ten calendar days of the receipt of the document or deposition transcript which he, she, or it wishes to designate as confidential information.  Thereafter each such document or transcript shall be treated in accordance with the terms of this Protective Order.  Any person served with written notice of any such designation of previously produced documents or deposition transcripts as containing confidential information shall thereafter treat such information as if it had been designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" at the time he, she, or it first received it in connection with this action and shall mark all copies of such documents in his, her, or its possession accordingly.

STIPULATED PROTECTIVE ORDER
(CASE NO.  CV09-05285 VBF (JCX)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**3.     LIMITATIONS ON DISCLOSURE OF CONFIDENTIAL INFORMATION:**

(a)     No confidential information shall be disclosed by anyone receiving such information to anyone other than those persons designated herein, and in no event shall confidential information be used, either directly or indirectly, by anyone receiving such information for any business, commercial or competitive purpose or for any purpose whatsoever other than the preparation for or trial of this action in accordance with the provisions of this Protective Order.

(b)     Confidential information designated "CONFIDENTIAL" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

(i)     Retained counsel for any party to this action and their respective associates, clerks and employees involved in the conduct of this litigation, but not including in-house counsel to either party, defined as counsel regularly employed or paid by, or associated with, a party, and/or whose offices are located within any premises of a party;

(ii)     The parties hereto, and their past and present officers, directors and employees;

(iii)     Outside experts and consultants retained by a party for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(iv)     Any person who actually was involved in the preparation of the document or who appears on the face of the document as the author, addressee, or other recipient or currently is affiliated with the party that produced or appears to have prepared said document;

(v)     Court reporters and similar personnel, provided further that confidential information filed with the Clerk of the Court shall be **requested**

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**to be filed under seal pursuant to Local Rule 79-5.1**;

(vi)    Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of confidential information should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant information.  In the case of a deponent who is not a party to this action and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of nonrelevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness.  Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the offending questions, or lines of questioning, and to apply to the Court for a further Protective Order or other appropriate relief; and

(vii)   Any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order.

(c)    Confidential information designated "CONFIDENTIAL-- ATTORNEYS' EYES ONLY" shall not be disclosed by any person who has received such information through discovery in this action to any other person except to:

(i)     Retained counsel for any party to this action and their respective associates, clerks and employees involved in the conduct of this litigation, but not including in-house counsel to either party, defined as counsel regularly employed or paid by, or associated with, a party, and/or whose offices are located within any premises of a party;

STIPULATED PROTECTIVE ORDER
(CASE NO.  CV09-05285 VBF (JCX)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

(ii)     Outside experts and outside consultants assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

(iii)    Any person who actually was involved in the preparation of the document or who appears on the face of document as the author, addressee, or other recipient, or is currently affiliated with the party that produced or appears to have prepared said document;

(iv)    Court reporters and similar personnel, provided further that confidential information filed with the Clerk of the Court shall be **requested to be filed under seal pursuant to Local Rule 79-5.1**;

(v)     Deponents with respect to whom the attorney for the examining party believes in good faith that disclosure of confidential information should be made in order to conduct relevant examination of such deponent on topics about which the attorney in good faith believes the deponent may have relevant information.  In the case of a deponent who is not a party to this action and who has not previously agreed to be bound by the terms of this Order, the attorney conducting the examination shall limit disclosure of confidential information by any means practicable (i.e., redaction or severance of nonrelevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness.  Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the offending questions, or lines of questioning, and to apply to the Court for a further Protective Order or other appropriate relief; and

(vi)    Any other person, either with the prior written consent of the party who has designated such information as confidential or pursuant to a Court order.

- 8 -

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

(d)  **Disclosure of documents or information which have been designated as confidential shall not be made to** any person described in paragraphs 3(b)(iii), 3(b)(vii), 3(c)(ii), 3(c)(v), or 3(c)(vi), **unless, prior to such disclosure such person is** given a copy of this Protective Order and **[ ]** agrees in writing [ ], to be bound by the terms hereof**, or absent further order of the Court**. The original of each such **written agreement** shall be maintained by counsel, and transmitted by facsimile to all other counsel of record.  If any counsel objects to showing the signatory documents subject to this Order, the objecting party shall **[ ]** have five business days to **serve by facsimile a letter requesting a meet and confer conference which comports with the requirements of Local Rule 37-1. Any dispute presented to the Court in connection with this Protective Order must be presented in accordance with the procedures set forth in Local Rules 37-1 through 37-4.**  If no meet and confer letter is timely served, all objections to showing the signatory documents shall be waived and the signatory may be shown the documents subject to this Order.  **[ ]**

(e)  Nothing in this Protective Order shall be construed to require execution of the written Acknowledgement and Agreement referred to in paragraph 3(d) above, or to prevent disclosure of confidential information, by the party producing and designating such confidential information, or by any employee of such party.

(f)  Nothing in this Protective Order shall prevent counsel for either party from summarizing or discussing in general terms the nature of documents designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" with representatives of their respective clients, outside experts and consultants, deponents or potential witnesses, provided such summary or discussion does not disclose, in any way, the substance of the document so designated, the confidential information contained therein, and/or trade secret information of another party.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

**4.**   **FILE UNDER SEAL:**

All confidential information **and all confidential attorneys' eyes only information submitted for filing to the Court** and any pleading or other paper containing **such** information **shall be submitted for filing** under seal **in accordance with Local Rule 79-5.1.  [  ].**  <u>See</u> <u>Kamakana v. City and County of Honolulu</u>**, 447 F.3d 1172, 1178-80 (9th Cir. 2006);** <u>Foltz v. State Farm Mutual Automobile Insurance Company</u>**, 331 F.3d 1122 (9th Cir. 2002).**

**5.**   **CHALLENGE TO CONFIDENTIALITY DESIGNATION:**

Any party who disagrees with the designation by a party of a document or other information as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" may bring a motion before the Court requesting that the Court find that the document or other information is, in fact, not confidential **in accordance with the provisions of Local Rules 37-1 through 37-4.  [  ].**  Pending resolution of any dispute concerning such designation, all parties and persons governed by this Protective Order shall treat as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" all documents and information previously designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" under the terms of this Protective Order.  If a motion challenging the confidentiality designation is brought, the party or person asserting that a document or other information is confidential shall bear the burden of demonstrating that the "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" designation is warranted.

**6.**   **SURVIVAL OF ORDER - RETURN OF DOCUMENTS:**

(a)   The provisions of this Order shall continue in effect until otherwise ordered by the Court after notice and an opportunity to be heard is afforded to the parties to this action.  The final determination or settlement of this action shall not relieve any person who has received confidential information or agreed to be bound by the terms of this Protective Order of his, her, or its obligations hereunder.  This

STIPULATED PROTECTIVE ORDER
(CASE NO.  CV09-05285 VBF (JCX)

Court shall retain jurisdiction after such final determination or settlement to enforce the provisions of this Order.  Upon completion of the litigation, all documents (including copies of documents) containing confidential information **(except those in the custody of the Court and Court personnel)** shall be destroyed or returned to counsel for the producing party, except that the parties' respective attorneys of record may retain one copy of each such document for use in connection with any disputes which may arise under the Court's retention of jurisdiction as provided for herein.  Within sixty days of the conclusion of this litigation, the attorneys for the receiving party shall notify the attorneys for the producing party that such return or destruction occurred.

(b)     Except as provided in Sections 4 or 7 hereof, documents or things containing the other party's confidential information shall at all times be in the physical possession of those persons qualifying under Section 3 hereunder, or kept by counsel of record either at the premises regularly maintained by such counsel of record as and for their respective law offices, or otherwise in their sole custody or control.

**7.     USE OF OWN DOCUMENTS BY PRODUCING PARTY:**

Nothing in this Protective Order shall limit the use by any party or other person of his, her or its own document(s) or information, or any other documents or information obtained independently of discovery, even if such document(s) or information have been designated as "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY."

**8.     APPLICATIONS TO COURT:**

(a)     This Protective Order shall not preclude or limit any party's right to oppose or object to discovery on any ground which otherwise would be available. This Protective Order shall not preclude or limit any party's right to seek *in camera* review or to seek further and additional protection against or limitation upon production or dissemination of information produced in response to discovery,

STIPULATED PROTECTIVE ORDER
(CASE NO.  CV09-05285 VBF (JCX))

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

including documents and their contents.

(b)     Any person to or by whom disclosure or inspection is made in violation of this Protective Order, and who has knowledge of this Protective Order, shall be bound by the terms hereof.

(c)     The parties hereby, and all other persons who receive confidential information pursuant hereto **and who have agreed in writing to bound by the terms of this Protective Order,** agree that any party or other person injured by a violation of this Order does not have an adequate remedy at law and that an injunction against such violation is an appropriate remedy.  In the event any person shall violate or threaten to violate any terms of this Order, the parties agree that the aggrieved party may immediately apply to obtain injunctive relief against any such person.  In the event the aggrieved party shall do so, **a respondent party or a respondent person who is subject to the provisions of this Order and who has agreed in writing to be bound thereby,** shall not employ as a defense thereto the claim that the aggrieved party has an adequate remedy at law.  Any **party and any person who is subject to the terms of this Order and has agreed in writing to be bound thereby,** agree that this Court shall retain jurisdiction over it and them for the purposes of enforcing this Order.  The remedies set forth in this Section 8(c) are not exclusive to any other remedies that an aggrieved party may elect to pursue.

## 9.     <u>INADVERTENT DISCLOSURES:</u>

The parties agree that the inadvertent production of any document that would be protected from disclosure pursuant to the attorney-client privilege, the work product doctrine or any other relevant privilege or doctrine shall not constitute a waiver of the applicable privilege or doctrine.  If any such document is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return the document and all copies of the document in its possession, delete any versions of the document on any database it maintains and make no use of the information contained in the document, provided,

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

however, that the party returning such document shall have the right to apply to the Court for an order that such document is not protected from disclosure by any privilege. The parties further agree that the inadvertent failure to designate documents as "CONFIDENTIAL" and/or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be corrected at any time by written notice, which designation shall operate prospectively pursuant to the terms of this Order, and that the counsel so notified will use best efforts to endeavor to retrieve any designated documents form any persons not entitled under this Order to have access to such designated documents and will notify opposing counsel as soon as practical of the identity of any persons who have been determined to be remaining in possession of such documents.

**10.   NO ADMISSIONS:**

Neither entering into this Stipulation for Protective Order nor receiving any documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" shall be construed as an agreement or admission (1) that any document or information designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY" is in fact confidential information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY;" or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "CONFIDENTIAL" or "CONFIDENTIAL--ATTORNEYS' EYES ONLY." This Order is not intended to modify or waive the provisions of the California Rules of Civil Procedure or of the California Rules of Evidence **(to the extent such rules are applicable).** This Order does not require the production of documents or information that would otherwise be non-discoverable.

**11.   SUBPOENA BY OTHER COURTS OR AGENCIES:**

If another court or an administrative agency subpoenas or orders production

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles

of "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" documents which a party has obtained under the terms of this Order, before complying with such subpoenas or orders, such party shall promptly notify the party or other person who designated the documents of the pendency of such subpoena or order.  **Nothing in this Protective Order restricts or limits a party's ability to comply with subpoenas or court orders or relieves a party of the obligation to do so.**

## 12.   MODIFICATION - FURTHER AGREEMENTS:

Nothing contained herein shall preclude any party from seeking from the Court modification of this Order upon proper notice or preclude the parties from entering into other written agreements designed to protect confidential information.

## 13.   PRIOR TO ENTRY OF THIS PROTECTIVE ORDER:

The parties agree to treat this Stipulation for Protective Order as binding upon execution by all parties.

## 14.   COUNTERPARTS:

This Stipulation for Protective Order may be executed in counterparts, each of which shall be deemed an original and which together shall constitute one instrument.

## 15.   JURISDICTION:

The Central District of California shall retain jurisdiction in connection with the enforcement of the Order.

STIPULATED PROTECTIVE ORDER
(CASE NO.  CV09-05285 VBF (JCX)

1

2

3

I hereby consent to the form, substance of this agreement and consent to entry of this agreement as an order.

4    Dated:      October_22, 2009              ROPERS, MAJESKI, KOHN &
                                               BENTLEY

5

6                                              By: /S/ Allan E. Anderson

7                                                  ALLAN E. ANDERSON
                                                   TIMOTHY L. SKELTON

8                                                  Attorneys for Amazon.com, Inc.

9    Dated:      October_22, 2009

10

11                                             By: /S/ Rinat Khamitov

12                                                 RINAT KHAMITOV
                                                   Plaintiff

13

14   Dated:      October 22, 2009

15

16                                             By: /S/ Natalia Varfolomeeva

17                                                 NATALIA VARFOLOMEEVA
                                                   Plaintiff

18

19

20         **IT IS ORDERED THAT**, the Parties' Stipulation and Protective Order,

21   having been consented to by all counsel of record as to form and substance, is

22   hereby entered **as modified by** this Court.

23

24   DATED:   January 14, 2010                         **/s/**
     _____    Magistrate Judge Jacqueline Chooljian

25

26

27

28

STIPULATED PROTECTIVE ORDER
(CASE NO. CV09-05285 VBF (JCX)

Ropers Majeski Kohn & Bentley
A Professional Corporation
Los Angeles